**SO ORDERED.**

**SIGNED this 01st day of July, 2008.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

**Western District of Texas**
**El Paso Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| PHYSICIANS SPECIALTY HOSPITAL OF EL PASO EAST, L.P. | 07-30633-LMC |
| *DEBTOR* | CHAPTER 11 |

### ORDER REGARDING THE MOTION OF ROBERT E. JONES, TRUSTEE FOR THE JONES FAMILY TRUST, SEEKING AN ORDER TEMPORARILY ALLOWING CLAIM FOR VOTING AND DISTRIBUTION PURPOSES

CAME ON for consideration the foregoing motion (Doc. #513) and the debtor's objection thereto (Doc. #514). The Jones Family Trust ("JFT") has filed a proof of claim in the face amount of $17,182,742.32 (the "JFT Claim," Claim #102). The debtor filed an adversary proceeding seeking *inter alia* a determination of the validity of the liens claimed by JFT.[1] The debtor has also filed an objection to the JFT Claim (Doc. #506),[2] so that the JFT claim is no longer deemed allowed

_____

[1] *See* Adv. No. 08-3001-lmc.

[2] The debtor denies all liability to JFT. The objection is scheduled for hearing on July 18, 2008 at 9:30 AM.

as a matter of bankruptcy law.[3] The debtor has now proposed a plan,[4] under which JFT's secured claim is treated in Class 2.[5] Any remaining unsecured claim (the difference between the total indebtedness and the alleged value of the collateral claimed by JFT to secure its indebtedness) is placed into Class 6, which consists of holders of general unsecured claims.[6]

Because JFT no longer enjoys the status of holding "deemed allowed" claims as a result of the outstanding claims objection, JFT is presently disqualified from voting on the plan.[7] In the present motion, JFT asks the court to estimate JFT's Class 2 Claim in the amount of $7,500,00.00 and its Class 6 Claim in the amount of $9,715,000.00. The motion is less than clear as to whether JFT is seeking estimation for voting purposes, for distribution purposes, or for both. The debtor objects to the motion, contending that claims estimation would not affect any distributions to be made to JFT under the terms of the proposed plan, because the lion's share of JFT's secured claim is proposed to be distributed to ReadyOne Industries, Inc. ("ReadyOne") by virtue of a writ of garnishment recently issued as part of a mediated settlement between the debtor and ReadyOne. ReadyOne has a judgment against JFT which it obtained pre-petition.[8] The debtor also argues that claims estimation is irrelevant for voting purposes because JFT has no economic stake in this case if the plan is ultimately confirmed as proposed.

---

[3] *See* 11 U.S.C. § 502(a)

[4] *See* First Amended Chapter 11 Plan of Liquidation (Doc. #473).

[5] *Id.* at 14, ¶ 6.2(a).

[6] Plan at 15, ¶ 6.4(d). Of course the plan treatment does not waive the debtor's position (expressed in its objection to claim) that the estate does not owe JFT anything at all. If the claim objection is not sustained, however, the plan resolves how the resulting allowed claims would be treated.

[7] *See* 11 U.S.C. § 1126(a).

[8] Notice of the writ of garnishment was given to JFT, and a final hearing on the garnishment action is scheduled for July 18, 2008 as well.

The court agrees with the debtor that, to the extent that JFT's motion is construed as a request for estimation of its claims for distribution purposes, the motion is not appropriate and should not be granted.  If nothing else, such a request is premature.  In all events, there is nothing so unique about the claims that they could not be determined with finality for distribution purposes with relative ease.  They arise from an alleged loan, and the existence and nature of the loan, the amount of indebtedness outstanding, the validity of any asserted security interest, and the value of the collateral allegedly securing the indebtedness are all routine matters typically resolved on their merits as part of the claims adjudication process.  The court has not been presented with any argument that would support the notion that these issues could not be resolved in a relatively expeditious fashion before distributions commenced on JFT's claims.

The court, however, does not quite agree with the debtor's contention that estimation of JFT's claim for voting purposes is irrelevant.  Regardless whether JFT's vote might, on its own, be decisive to the plan's success or failure, JFT is nonetheless entitled to vote at least its Class 2 claim, because, of course, JFT might not *agree* with the plan's treatment of its claim.  Class 2 is certainly not deemed to have rejected the plan because its members are not receiving nothing on account of their claims.[9]  True, the plan contemplates that such monies as JFT *does* "receive" on account of its secured claim will go immediately to ReadyOne by virtue of the writ of garnishment.  And true, the plan contemplates that ReadyOne will permit some of these funds to be used to pay other creditors.  But the plan depends for its success on JFT's Class 2 claim in fact being paid under the plan, else there would be nothing to garnish.

The court has sufficient knowledge of the efficacy of the JFT secured claim (by virtue of the summary judgment motion that was filed in the adversary proceeding) to conclude that there is a

---

[9] *See* 11 U.S.C. § 1126(g).

legitimate dispute regarding JFT's claim. The claim is also the only member of Class 2. It is thus unnecessary *for voting purposes* to assign any particular value to the claim beyond a number that allows the claim to be voted, thereby expressing JFT's position with regard to the plan. As the plan proposes that all of the monies to be distributed to JFT on account of its Class 2 claim be immediately paid over to ReadyOne, subject to other negotiated provisions not important here, the actual dollar amount of the claim is irrelevant, so long as *some* dollar amount is assigned. It is essentially unimportant even for purposes of the "best interest" test that the dollar amount of the claim be established with any precision, because the liquidation analysis would be measured by whether the collateral position would or would not survive as a matter of law, it being undisputed that the total amount of JFT's indebtedness exceeds the value of the collateral. The court has no interest at this stage of the proceeding in assigning a number to JFT's Class 2 claim that would serve as a *sub rosa* valuation of the underlying collateral either. With these considerations in mind, the court estimates JFT's Class 2 claim, *for voting purposes only*, at $1.00.

JFT's Class 6 Claim, however, is another matter. The court can see no legitimate reason to estimate the unsecured portion of the JFT Claim because, under the terms of the proposed plan, Class 6 claim holders are deemed to have rejected the plan.[10] Thus, they do not need to be solicited, and they do not get to vote. Estimation is thus unnecessary.

For the foregoing reasons, it is the Order of this court that:

1. JFT's Class 2 Claim, for voting purposes only , is estimated in the amount of $1.00;

2. JFT's Class 6 Claim is not estimated, as it would serve no purpose; and

3. The request to estimate JFT's claim for distribution purposes is denied.

# # #

---

[10] *See* 11 U.S.C. § 1126(g); *see also* Plan at 15, ¶ 6.4(d).